Argued January 30, dismissed February 2, 1915.

## NORTHWEST TOWNSITE CO. *v.* CONN.

(145 Pac. 1058.)

**Appeal and Error—Undertaking—Sufficiency.**

1. Section 551, L. O. L., declares that the undertaking of the appellant, if the judgment or decree be for the foreclosure of the lien on real property, shall be that he will not commit or suffer waste to be committed, and will pay the value of the use of the property from the time of the appeal until delivery, and that when the decree appealed from is for the foreclosure of a lien and is also against the person for the amount of the debt, the undertaking shall be that the appellant will pay any portion of the decree remaining unsatisfied after the sale of the property upon which the lien is foreclosed. A mortgage was foreclosed and the mortgagor, against whom personal judgment was rendered, appealed. *Held,* that the undertaking should be to pay any sum remaining unsatisfied after the sale of the mortgaged property.

[As to liability of sureties on appeal bond, see note in 38 Am. St. Rep. 702.]

Judgment—Collateral Attack.

2.  A judgment foreclosing a mortgage, rendered by a court having jurisdiction of the parties and subject matter, cannot be questioned collaterally by a suit to enjoin enforcement, but must be attacked directly, as by an appeal.

From Lake: HENRY L. BENSON, Judge.

This is a suit by the Northwest Townsite Company, a corporation, against George Conn, Margaret E. Conn and the sheriff of Lake County, Oregon.    From a judgment for defendants, plaintiff appeals.

APPEAL DISMISSED.

For appellant there was a brief over the name of *Messrs. Wood, Montague & Hunt,* with an oral argument by *Mr. Charles E. S. Wood.*

For respondents there was a brief over the names of *Messrs. Fulton & Bowerman* and *Mr. W. Lair Thompson,* with oral arguments by *Mr. Thompson* and *Mr. Jay Bowerman.*

In Banc.   MR. JUSTICE BURNETT delivered the opinion of the court.

In this suit the plaintiff invokes the original jurisdiction of this court to stay the execution sale of certain real property under a decree of foreclosure of a mortgage given to secure the payment of certain promissory notes made by the plaintiff, in which foreclosure the defendants Conn here were plaintiffs and this plaintiff and others were defendants.   The complaint narrates the history and procedure in the foreclosure suit, including efforts of the defendant, plaintiff here, to procure a postponement of trial, the court's denial thereof, and the decree of foreclosure. Subtantially the complaint here would serve approximately as a bill of exceptions in the suit to foreclose

the mortgage. Having given notice of appeal, the plaintiff here filed in the foreclosure suit an undertaking on appeal in the sum of $15,000, to the effect that until possession of the premises described in the decree shall be determined by the decree of the Supreme Court the defendant and appellant during the possession of the property will not commit or suffer any waste thereon, and, if such judgment or decree or any part thereof be affirmed, the appellant will pay the value of the use and occupation of the property. so far as affirmed, from the time of the appeal until the delivery of the possession thereof. The money decree against the defendant, plaintiff here, in the foreclosure suit, was in favor of the plaintiff George Conn, in the sum of $42,130.53, with interest from the date of the decree at 6 per cent per annum, and in favor of Margaret E. Conn for $12,733.94, with like interest.

1. In the case at bar the answer does not materially controvert the averments of the complaint. Indeed, there is but little dispute as to the facts. The question between the parties is principally one of law as to the sufficiency of the undertaking given to stay the execution in the foreclosure suit. The rule affecting the question at issue is thus declared in Section 551, L. O. L.:

"The undertaking of the appellant shall be given with one or more sureties, to the effect that the appellant will pay all damages, costs, and disbursements which may be awarded against him on the appeal; but such undertaking does not stay the proceedings, unless the undertaking further provides to the effect following: (1) If the judgment or decree appealed from be for the recovery of money, or of personal property, or the value thereof, that if the same or any part thereof be affirmed, the appellant will satisfy it so far as

affirmed; (2) if the judgment or decree appealed from be for the recovery of the possession of real property, for a partition thereof, or the foreclosure of a lien thereon, that during the possession of such property by the appellant he will not commit, or suffer to be committed, any waste thereon, and that if such judgment or decree or any part thereof be affirmed, the appellant will pay the value of the use and occupation of such property, so far as affirmed, from the time of the appeal until the delivery of the possession thereof, not exceeding a sum therein specified, to be ascertained and fixed by the court or judge thereof; * * (4) when the decree appealed from is for the foreclosure of a lien, and also against the person for the amount of the debt secured thereby, the undertaking shall also be to the effect that the appellant will pay any portion of such decree remaining unsatisfied after the sale of the property upon which the lien is foreclosed. * * ''

The statutory method thus prescribed for the arrest of proceedings to enforce a decree is binding upon this court. The undertaking appears to have been given under the second clause of the section quoted; whereas, the portion of the excerpt applicable to the foreclosure proceeding is found in subdivision 4, because the original suit was for the foreclosure of a lien and also against the plaintiff here for the amount of the debt secured by that lien. Subdivision 2, in referring to the foreclosure of a lien upon real property, evidently contemplates a lien existing independent of any personal obligation to pay the debt. Mechanics' and materialmen's liens for the construction, alteration, or repair of a building upon real property would furnish illustrations of such liens. These, however, are widely different from the lien created by a mortgage given to secure a note evidencing an actual personal indebtedness from a mortgagor to a mort-

gagee. In these latter instances, the statute requires an undertaking that the debtor will pay any portion of the decree remaining unsatisfied after the sale of the property upon which the lien is foreclosed. We cannot grant to the plaintiff any more favorable terms for stay of proceedings than the statute allows.

2. In this proceeding we cannot review the merits of the decree of foreclosure. That was the determination of a court confessedly having jurisdiction of the parties and of the subject matter. We cannot in this suit treat the action of the court as void, or suspend the execution of its decree. Whether the court abused its discretion in refusing a postponement of the trial, and whether it was right or wrong in rendering a personal decree against the mortgagor for the recovery of the debt secured by the mortgage, we cannot here decide. Those questions must be worked out in that suit when it shall come regularly before us upon appeal, and upon them we here express no opinion.

The present suit in this court is dismissed.

APPEAL DISMISSED.

MR. JUSTICE MCBRIDE, MR. JUSTICE EAKIN and MR. JUSTICE BENSON concur.